UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-41-RJC
(3:05-cr-340-RJC-CH-1)

| ELIJAH JUNIOR SIMS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ARTINA V. WALLACE, | ) | |
| of the U.S. Probation Office of WNC, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1). Petitioner seeks alternative relief under 28 U.S.C. § 2241. Petitioner is represented by Simon Massie. For the reasons that follow, the Court finds that this is an unauthorized, successive § 2255 petition, and the Court therefore dismisses this action. Furthermore, Petitioner is not entitled to alternative relief under § 2241.

**I.   BACKGROUND**

Following the discovery that Petitioner was in possession of approximately ten grams of crack cocaine and that he had a 9-millimeter, semiautomatic pistol in his car, Petitioner was indicted for being a felon in possession of a firearm and possession with intent to distribute at least five grams of cocaine base. (Crim. Case No. 3:05-cr-340-RJC-CH-1, Doc. No. 1: Indictment). Petitioner had previously been convicted of possession with intent to sell and deliver cocaine. (Id., PSR at ¶ 35). Petitioner filed a motion to suppress the evidence obtained on the date of his arrest. See (Id., Doc. No. 24: Motion to Suppress). At the suppression hearing,

-1-

Officer Marianne Baltimore of the Charlotte-Mecklenburg Police Department testified that on April 26, 2005, she was advised by her supervisor that the property owner of a residence on Dakota Street was concerned that a resident, Alex Gibson, was selling drugs at that location. (Id., Doc. No. 51 at 5-6: Motion to Suppress Tr.). The property owner stated that Gibson, who had an outstanding warrant for felony probation, received the drugs at the residence daily between 3:00 p.m. and 6:00 p.m. from a black male who drove an SUV. (Id. at 4-6). After confirming that there was an outstanding felony warrant for Gibson, Officer Baltimore, accompanied by Officer Jonathan Tobbe, went to the residence around 4:30 p.m. and observed an SUV with a black male driver parked in the driveway. (Id. at 6-7). A license check revealed that Petitioner owned the vehicle. (Id. at 7). Officer Baltimore relayed this information to Officer Gerald Holas and Officer Shawn Crooks, who were in a backup vehicle. (Id. at 6-8). Officer Holas stated that he was familiar with Petitioner and that Petitioner was a known drug dealer. (Id. at 7-8; 29). Officer Holas testified that he was familiar with Petitioner because he had received complaints about drug activity at Petitioner's family's home, he had observed Petitioner engage in what appeared to be a drug transaction outside the home, and he had performed a traffic stop on Petitioner and received permission to search his person. (Id. at 25; 28). Officer Holas stated that, during that previous encounter, Petitioner had a large bulky area around his stomach that was bandaged, that Petitioner advised him that he had been shot and had a colostomy bag, and that Holas chose not to search that area. (Id. at 28-29).

  After Officer Baltimore unsuccessfully attempted to locate Gibson at the residence, she made voluntary contact with the female passenger of Petitioner's SUV and discovered a marijuana cigarette and three crack pipes in the passenger's possession. (Id. at 9-10). Officer

Crooks spoke with Petitioner, who admitted that there was a firearm in the car and gave consent to search the vehicle, as well as his person. (Id. at 59; 88; 90). The officers took Petitioner inside the residence to provide some privacy during the search of his person. (Id. at 60; 91). When the officers began talking about searching the bandage around Petitioner's midsection, Petitioner began fidgeting, stated that he was feeling sick, and revoked his consent to search. (Id. at 61-62; 92-93). He stated that he had been shot in 2001 and had a colostomy bag and appeared to recoil in pain any time Officer Tobbe tried to examine the bandaged area. (Id. at 92-93). Petitioner was placed under arrest, due to his possession of the firearm. (Id. at 63; 93). He was taken to a hospital, where a sandwich bag with individually wrapped rocks of crack cocaine was found clenched in his hand. (Id. at 35; 93-96).

After hearing the evidence, this Court denied the motion to suppress, holding that it was a voluntary police/citizen encounter, that once the female passenger gave consent to search her person and the officers discovered marijuana and crack pipes, they were entitled to search further, including the vehicle and its other occupant, Petitioner. (Id. at 112-13). The Court also held that the officers had reasonable suspicion for the encounter, based on the tip that concerned drug dealing and a supplier, and that this evidence was sufficiently corroborated by the officers' observations at the residence. (Id. at 114-15). The Court determined that Petitioner had voluntarily consented to the search of the vehicle and his person, resulting in the discovery of the firearm, and that the discovery of the drugs was a lawful seizure incident to arrest. (Id. at 115-16).

On February 16, 2006, a jury found Petitioner guilty of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (Count One), and possession with intent to distribute cocaine

base in violation of 21 U.S.C. § 841(b)(1)(B) (Count Two). (Crim. Case No. 3:05-cr-340, Doc. No. 31: Jury Verdict). After he was convicted, Petitioner filed a pro se motion to suppress, which this Court denied. See (Id., Doc. No. 38: Motion to Suppress; Doc. No. 43: Order). On November 28, 2006, this Court sentenced Petitioner to 120 months of imprisonment on Count One and to 120 months of imprisonment on Count Two, with the sentences to run concurrently. (Id., Doc. No. 39: Judgment). The Court sentenced Petitioner to three years of supervised release for the firearm count and to eight years of supervised release for the drug conviction. (Id.).

Petitioner appealed, arguing that the motion to suppress should have been granted. On December 9, 2008, the Fourth Circuit upheld Petitioner's conviction. United States v. Sims, 302 Fed. App'x 195 (4th Cir. 2008). In its decision, the Fourth Circuit noted that Petitioner had filed a motion to vacate, along with his appeal, in which he asserted that three years after his conviction, Officer Holas had pleaded guilty to conspiracy to possess with intent to distribute crack cocaine. The Fourth Circuit denied the motion to vacate, observing that Petitioner did not allege that Officer Holas's trial testimony was false or misleading. Id. at 199.

On October 19, 2009, Petitioner filed a motion for a new trial. (Crim. Case No. 3:05-cr-340, Doc. No. 65: Motion for New Trial). After this Court advised Petitioner that the Court intended to construe his motion as seeking relief under § 2255 and that this would subject any later attempts to seek relief under § 2255 to dismissal as second or successive petitions, Petitioner responded that the motion should be considered as a motion to vacate under § 2255. See (Id., Doc. No. 66: Order; Doc. No. 67: Response; Doc. No. 68: Order). In his response, Petitioner asked the Court to consider new evidence that Officer Holas had been convicted of drug trafficking. (Id., Doc. No. 67: Response). This Court denied Petitioner's motion to vacate

with prejudice on the merits on August 6, 2012. (Id., Doc. No. 72: Civil No. 3:09-cv-491). In denying Petitioner relief, this Court noted that the Fourth Circuit had already addressed Petitioner's argument regarding Officer Holas. (Id. at 5).

On December 18, 2012, the Fourth Circuit Court of Appeals denied Petitioner's application for authorization to file a successive Section 2255 petition. (Crim. Case No. 3:05-cr-340, Doc. No. 73: Order). On January 22, 2013, Petitioner filed an additional Section 2255 petition, which is still pending in this Court.[1] Sims v. United States, 3:13cv43 (W.D.N.C.). Petitioner was released from prison on July 11, 2014, and he is now serving his term of supervised release.[2] Through counsel, he filed the present petition on January 20, 2015. The Government filed its Response in opposition on May 7, 2015, and Petitioner filed a Reply through counsel on June 8, 2015.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant petition under 28 U.S.C. § 2255, or alternatively under 28 U.S.C. §

---

[1] Petitioner also filed a pro se "motion to vacate (void sentence)" on March 25, 2013, which motion was filed in his criminal action, and is still pending. See (Crim. Case No. 3:05-cr-340, Doc. No. 75).
[2] Because Petitioner is serving his term of supervised release, he is still in custody for purposes of applying for post-conviction relief. See Maleng v. Cook, 490 U.S. 488, 491-92 (1989).

2241, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:05-cr-340. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on November 18, 2009, and this Court denied the motion to vacate on the merits and dismissed the petition. Furthermore, as noted, Petitioner filed another § 2255 motion to vacate on January 22, 2013, before filing this petition, and that petition is still pending. Thus, this is the third § 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:05-cr-340.[3] Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Indeed, as noted, on December 18, 2012, the Fourth Circuit Court of Appeals expressly <u>denied</u> Petitioner's application for authorization to file a successive Section 2255 petition. <u>See</u> (Crim. Case No. 3:05-cr-340, Doc. No. 73: Order).

        The Court further notes that, even if Petitioner's § 2255 petition were not successive, his

---

[3] The Court recognizes that the Fourth Circuit Court of Appeals has recently held that a "numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." <u>United States v. Hairston</u>, 754 F.3d 258, 262 (4th Cir. 2014). The facts relied on by Petitioner here clearly existed when his first motion to vacate was filed and adjudicated because he sought relief in the first motion to vacate based on his argument regarding Officer Holas' drug-trafficking conviction.

petition would be subject to dismissal as time-barred. Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Here, it is undisputed that Petitioner did not file this petition within one year of when his conviction became final, and none of the other subsections of § 2255(f) applies to render the petition timely. Thus, the § 2255 petition is time-barred, and the Government has not waived the statute of limitations.

Petitioner does not argue that the petition is timely. Rather, he contends that, under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the one-year limitations period should not apply based on his claim of actual innocence. (Doc. No. 1 at 6-7). In McQuiggin v. Perkins, the Supreme Court recognized a showing of actual innocence as an exception to the one-year limitations period under § 2255(f). See McQuiggin v. Perkins, 133 S. Ct. at 1928. Here, Petitioner does not argue that he is actually innocent of being a felon in possession of a firearm or knowingly and intentionally possessing with intent to distribute cocaine base. Rather, he asserts that his Fourth Amendment rights were violated by Officer Holas's alleged fabrication of testimony at Petitioner's pre-trial suppression hearing. (Doc. No. 1 at 7). Petitioner contends that if the evidence against him had been suppressed, a jury would not have found him guilty. (Id.; see also Doc. No. 5 at 4: Pet. Reply). "Innocence of conviction implicates the notion that a person has been incarcerated for a crime he did not commit . . . ." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014), cert. denied, 135 U.S. 1467 (2015). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). Petitioner has

presented no evidence that he did not actually commit the offenses for which he was convicted, as he offers no argument that the firearm found in his car and the drugs found on his person were not his. Therefore, he cannot rely on actual innocence to overcome the fact that his motion is time-barred under § 2255(f). Accordingly, even if the petition were not subject to dismissal as an unauthorized successive petition, it is alternatively subject to dismissal as time-barred.

Finally, to the extent that Petitioner seeks alternative relief through § 2241, he has not shown that he is entitled to relief under this provision. A prisoner challenging the legality of his conviction or sentence generally must proceed under § 2255. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Under limited circumstances, the savings clause in § 2255(e) allows a prisoner to proceed under § 2241 when he can establish that § 2255 is "inadequate or ineffective to test the legality of his detention." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Section 2255 is inadequate and ineffective to test the legality of a conviction only when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34. Thus, the savings clause offers relief where there is a later substantive change in the law that would render a prisoner's conduct non-criminal. "[S]ection 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," Jones, 226 F.3d at 333, nor because an individual is procedurally barred from filing a § 2255 motion, Rice, 617 F.3d at 807. Here, Petitioner neither alleges nor shows that he can meet the three-prong test for establishing that § 2255 is inadequate or ineffective to test the legality of his detention. Accordingly, he is not entitled to seek alternative relief under § 2241.

## IV. CONCLUSION

For the foregoing reasons, the petition is denied and dismissed.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition. Furthermore, Petitioner is not entitled to alternative relief under 28 U.S.C. § 2241.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 18, 2015

_____
Robert J. Conrad, Jr.
United States District Judge